# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

| | | |
|---|---|---|
| SHAWN STEVENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-cv-175-TWP-WGH |
| | ) | |
| WALTS DRIVE-A-WAY and DONALD MEISLER, | ) ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY ON DEFENDANTS' MOTION TO DISMISS

This matter is before the Court on the Motion to Dismiss (Dkt. No. 14) filed by Defendants Walts Drive-A-Way ("Walts") and Donald Meisler (Mr. Meisler) (collectively, "Defendants"). Plaintiff, Shawn Stevens ("Mr. Stevens"), *pro se*, accuses his employer, Walts, and its president, Mr. Meisler, of impermissibly and unlawfully manipulating his medical records and seeks relief under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), the Privacy Act of 1974, and the Health Insurance Portability and Accountability Act ("HIPAA"). Defendants contend that Mr. Stevens has failed to state a plausible claim for relief on three of the asserted claims and has failed to address two others. For the reasons stated below, the Court **GRANTS** Defendants' Motion in part and **DENIES** it in part.

## I. BACKGROUND

Mr. Stevens works as a commercial truck driver for Walts and must periodically undergo a physical examination to maintain his commercial driver's license. In his Charge of Discrimination claim ("Charge") filed with the Equal Employment Opportunity Commission ("EEOC") and his Complaint, Mr. Stevens accuses the Defendants of violating his rights through

the following sequence of events: On August 20, 2012, when Mr. Stevens was 42 years old, he visited a doctor who certified him to renew his commercial driver's license for a two-year period. The following day, Nancy Williams, an employee in Walts' safety department, told Mr. Stevens that his examination was not completed properly and that she had coordinated with the doctor's office to correct the problem. Mr. Stevens objected, explaining that he had never authorized Walts to obtain his medical records. Mr. Stevens returned to the doctor's office, and he was again approved to renew his license. But, this time, the doctor certified him for only a one-year renewal.

Mr. Stevens alleges that the Defendants violated his rights under the Privacy Act and HIPAA and that they unlawfully discriminated against him in violation of Title VII, the ADA, and the ADEA. In support of his ADEA claim, Mr. Stevens adds that Thomas Berry ("Mr. Berry"), an employee in Walts' human resources department, once said that "older drivers have to take care of their health and that it was his job to make sure it is done." (Dkt. No. 15-1.)

Defendants ask the Court to dismiss Mr. Stevens's Complaint on two grounds: he failed to timely serve notice of the Complaint as required by Federal Rule of Civil Procedure 4(m), and he failed to articulate a plausible claim for relief under Rule 12(b)(6).

## II.  LEGAL STANDARD

To satisfy the Federal Rules of Civil Procedure, a complaint need only advance "a short and plain statement of the claim showing that [the plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). But that short and plain statement must include allegations that "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" and "'raise a right to relief above the speculative level.'" *Pisciotta*, 499 F.3d at 633 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This means the complaint must enable the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A judge asked to dismiss a complaint for failure to state a plausible claim for relief must limit his review to its allegations as explained in Section I of this Entry. Furthermore, the judge must treat all well-pled allegations as true and draw all inferences in the plaintiff's favor. *Bielanski v. Cnty. of Kane*, 550 F.3d 632, 633 (7th Cir. 2008) (citations omitted). Finally, the court must "liberally construe [a] pro se plaintiff's pleadings, 'however inartfully pleaded.'" *Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1184 (7th Cir. 1989) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### III. DISCUSSION

**A. Scope of Review**

As previously stated, Defendants seek dismissal alleging Mr. Stevens has failed to timely serve notice of his Complaint as required by Federal Rule of Civil Procedure 4(m), and failed to articulate a plausible claim for relief under Rule 12(b)(6). Before turning to the parties' arguments, the Court will clarify the scope of its review in light of the numerous documents the parties have filed for consideration.

Mr. Stevens filed one document with his Complaint: a letter from the EEOC explaining that it had reviewed his claims against the Defendants and that he was entitled to initiate a lawsuit (Dkt. No. 1-1). The Defendants filed two sets of documents with their Motion: the Charge Mr. Stevens filed with the EEOC (Dkt. No. 15-1) and an affidavit from Mr. Meisler explaining how and when he received service of the Complaint and the materials Mr. Stevens served as notice (Dkt. No. 15-2).

Mr. Stevens filed two responses to the Defendants' Motion (Dkt. No. 17; Dkt. No. 22). To the first, Mr. Stevens attached six documents:

- the EEOC Charge (Dkt. No. 17-1 at p. 1);

- part of a letter from EEOC Investigator Bryon Williams relaying statements from the Defendants (*id.* at pp. 2–3);

- an e-mail message Mr. Stevens appears to have sent in response to Mr. Williams's letter (*id.* at p. 4);

- a cover sheet for documents faxed from Walts to Dr. Jack Anderson's office (*id.* at p. 5); and

- two medical examination reports apparently completed by Dr. Anderson on Mr. Stevens's behalf (*id.* at pp. 6–11).

To his Supplemental Brief (Dkt. No. 22), Mr. Stevens inserted and attached five more sets of documents:

- selections from literature concerning the privacy of commercial drivers' medical records (Dkt. No. 22 at pp. 3–7);

- an intake questionnaire Mr. Stevens completed with the EEOC (*id.* at p. 10);

- correspondence attorney Andrew Dutkanych sent to the EEOC on Mr. Stevens's behalf (*id.* at pp. 11–14);

- another copy of the right-to-sue letter (*id.* at pp. 15–16); and

- another copy of Mr. Stevens's message to Mr. Williams (*id.* at p. 17).

When presented a motion to dismiss under Rule 12(b)(6), a reviewing court may only consider the plaintiff's allegations. *Wilson v. Price*, 624 F.3d 389, 391 n.1 (7th Cir. 2010) (citation omitted). A 12(b)(6) motion presents a single question: has the plaintiff accused the defendant of some wrongdoing against which the law offers protection? *See id.* at 391–92. The parties need not go to the trouble and expense of proving or disproving charges that, even if true, would not entitle the plaintiff to any relief. So the court limits its attention at the pleading stage

to the quality of the plaintiff's accusations and ignores evidence offered in support of those allegations.

Therefore, the Court must resolve a 12(b)(6) motion by considering only three sets of information:

- the allegations the plaintiff has written in the complaint, *id.* at 391 n.1;

- any documents the plaintiff has referenced in and filed as an exhibit to the complaint, Fed. R. Civ. P. 10(c); and

- any other documents that are referenced in the complaint, central to the plaintiff's claims, and attached as an exhibit to the defendant's motion to dismiss, *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993).

Consequently, the Court may consider only three of the documents the parties have offered for consideration on this motion. Mr. Stevens explicitly referenced his right-to-sue letter in the Complaint and properly attached it as Exhibit 1. (*See* Dkt. No. 1 at p. 2; Dkt. No. 1-1.) Mr. Stevens also explicitly referenced his EEOC Charge, and it is a central document that the Defendants attached to their Motion. (*See* Dkt. No. 1 at p. 1; Dkt. No. 15-1 at p. 1.) Finally, Mr. Meisler's affidavit and supporting materials are irrelevant to the 12(b)(6) motion but bear on the Defendants' untimely service argument. (*See* Dkt. No. 15-2.) Thus, the Court will consider the three documents describe above. The other documents Mr. Stevens attached to his responses may prove helpful in deciding the merits of his claims later in the litigation, but the Court cannot properly consider them now.

Construed liberally, Mr. Stevens's Complaint raises claims under five sources of law: Title VII, the ADA, the ADEA, HIPAA, and the Privacy Act of 1974. The Court will address Mr. Stevens' claims in turn.

5

## B. Because the Defendants have not articulated any prejudice, the Court declines to dismiss the Complaint for untimely service.

The Defendants ask the Court to dismiss Mr. Stevens' claims because he failed to satisfy Federal Rule of Civil Procedure 4(m)'s deadline for serving process of his Complaint. (Dkt. No. 15 at pp. 4–6.) Mr. Stevens filed his Complaint on September 9, 2013 (Dkt. No. 1 at p. 1), and he appears to have served his summonses and copies of the Complaint by mail postmarked January 9, 2014 (*see* Dkt. No. 15-2 at p. 2). Mr. Meisler represents that he did not receive the materials until January 13, 2014. (*Id.* at p. 1.) Mr. Stevens argues that his service deadline was January 8, 2014 and that he satisfied the deadline by placing his materials in a truck stop mailbox on January 7, 2014. (Dkt. No. 22 at p. 9.)

Rule 4(m) requires a plaintiff to serve each defendant a summons and a copy of the complaint within 120 days of filing the complaint. Fed. R. Civ. P. 4(c), (m). The plaintiff's 120-day clock begins ticking the day after the complaint is filed, Fed. R. Civ. P. 6(a), and the plaintiff may extend his deadline by three (3) days if he serves process by mail, Fed R. Civ. P. 6(d). Service is not complete when the defendant receives the materials; it is complete when he executes a document acknowledging service. *Adatsi v. Mathur*, 934 F.2d 910, 911–12 (7th Cir. 1991).

On these facts, the Court cannot determine whether Mr. Stevens satisfied Rule 4(m). Because Mr. Stevens filed his Complaint on September 9, 2013, the first day of his service period was September 10, 2013, and the final day was January 7, 2014. Because he served process by mail, Mr. Stevens gained three additional days, pushing his deadline to January 10, 2014. Mr. Meisler asserts that he received the materials three days after that deadline, but neither party has filed Mr. Meisler's acknowledgment of service to confirm when service was complete under *Adatsi*.

Regardless, the Court will not order Mr. Stevens's Complaint dismissed for tardy service. Rule 4(m) grants a trial judge discretion to extend a late-serving plaintiff additional time to serve process—particularly where the delay has not prejudiced the defendant. *United States v. McLaughlin*, 470 F.3d 698, 701 (7th Cir. 2006). The Defendants concede that Mr. Stevens served process within three days of his deadline, and—more importantly—the Defendants have not attempted to demonstrate any prejudice. Faced with such a small delay, and lacking any evidence of prejudice, the Court declines to order the Complaint dismissed and instead finds that Mr. Stevens served process adequately.

**C.   Mr. Stevens has failed to articulate a plausible claim for relief under Title VII, the ADA, or the ADEA, but he may persist in his HIPAA and Privacy Act claims.**

Having declined to dismiss Mr. Stevens's Complaint outright for untimely service, the Court next addresses his claims one-by-one. The Court finds that Mr. Stevens has failed to articulate a plausible claim for relief under Title VII, the ADA, or the ADEA.[1] But the Court also finds that the Defendants have failed to articulate any reason (other than improper service) why Mr. Stevens's HIPAA and Privacy Act claims should fail.

**D.   Mr. Stevens has not alleged discrimination on any ground encompassed by Title VII.**

Mr. Stevens has failed to plead allegations that would plausibly entitle him to relief under Title VII. Title VII forbids employers to discriminate against employees because of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. Mr. Stevens has not even obliquely raised race, color, religion, sex, or national origin as a basis for discrimination in either his Complaint or his EEOC Charge. A plaintiff does not state a plausible claim for relief by naming

---

[1] The Defendants argue that these claims must fail against Mr. Meisler because their respective statutes do not provide for individual liability (Dkt. No. 15 at p. 4) and that they must fail in general because Mr. Stevens has failed to exhaust his administrative remedies (*id.* at pp. 6–8). Having found that Mr. Stevens has failed to state a plausible claim for relief under Title VII, the ADA, or the ADEA, the Court need not reach these alternative arguments.

7

the statute under which he brings his suit; he also must raise allegations that, if true, would entitle him to relief under that statute. *See Pisciotta*, 499 F.3d at 633. Because Mr. Stevens has not raised any allegation describing race-, color-, religion-, or sex-based discrimination, the Court must dismiss Mr. Stevens's Title VII claims.

> **1. Mr. Stevens has not alleged that he is disabled, that he has a record of being disabled, or that the Defendants perceived him as being disabled as required by the ADA.**

Mr. Stevens also has failed to plead allegations that would plausibly entitle him to relief under the ADA. The ADA forbids employers to discriminate against "qualified individual[s] on the basis of disability." 42 U.S.C. § 12112(a). To prevail under the ADA, a plaintiff first must prove that he is disabled. *Mobley v. Allstate Ins. Co.*, 531 F.3d 539, 545, 548 (7th Cir. 2008) (discussing both failure-to-accommodate and discriminatory-termination claims). For purposes of the ADA, a disability is:

> (A) a physical or mental impairment that substantially limits one or more major life activities of [the plaintiff];
>
> (B) a record of such an impairment; or
>
> (C) being regarded as having such an impairment[ . . . ].

42 U.S.C. § 12102(1).

Mr. Stevens has not alleged any facts in either his Complaint or his EEOC Charge that, if true, would demonstrate he is disabled under the ADA. The Complaint includes no reference to the ADA, any impairment that might constitute a disability, any record of impairment, or any fact suggesting that the Defendants perceived Mr. Stevens as being limited by any impairment. (*See* Dkt. No. 1.) The EEOC Charge similarly lacks any reference to any impairment or fact suggesting the Defendants perceived Mr. Stevens as being limited by any impairment. Instead, it asserts only that the Defendants violated Mr. Stevens's ADA rights "because the company

8

obtained confidential medical information about me without any release forms." (Dkt. No. 15-1 at p. 1.) If true, those allegations would justify Mr. Stevens's dismay and might entitle him to relief under a different law. But they would not establish that Mr. Stevens is a qualified individual, that he is disabled, or that the Defendants discriminated against him because of his disability. Therefore, Mr. Stevens may not proceed in his ADA claim.

### 2. Mr. Stevens has not alleged that the Defendants materially changed the terms or conditions of his employment as required by the ADEA.

Mr. Stevens's ADEA claims fail for similar reasons. Broadly, the ADEA prohibits an employer from taking adverse employment actions against an employee because of age. *See* 29 U.S.C. § 623(a). The statute specifically forbids

- discharging an employee because of age;

- failing or refusing to hire a prospective employee because of age;

- otherwise discriminating against an employee "with respect to his compensation, terms, conditions, or privileges of employment;" or

- imposing limits or classifications that would deprive people of employment opportunities or adversely affect employees' statuses.

*Id.*

Thus, a plaintiff cannot prevail under the ADEA without establishing that the employer took an adverse employment action against them. "[E]mployment actions that fall short of outright termination may . . . be actionable under the ADEA." *Flaherty v. Gas Research Inst.*, 31 F.3d 451 (7th Cir. 1994). But "not everything that makes an employee unhappy is an actionable adverse action." *Smart v. Ball State Univ.*, 89 F.3d 437, 441 (7th Cir. 1996).[2] "To establish a violation of the ADEA, therefore, a plaintiff must prove that she suffered a *materially adverse*

---

[2] *Smart is* considered a Title VII claim, but this rule has been applied in ADEA and ADA cases as well. *See Nagle v. Village of Calumet Park*, 554 F.3d 1106, 1116 (7th Cir. 2009) (ADEA and Title VII); *Conley v. Vill. of Bedford Park*, 215 F.3d 703, 712 (7th Cir. 2000) (ADA).

change in the terms or conditions of her employment because of her employer's discriminatory conduct." *Spring v. Sheboygan Area Sch. Dist.*, 865 F.2d 883, 885 (7th Cir. 1989) (emphasis in original). The Seventh Circuit has opined that an adverse action might include "a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, [or] significantly diminished material responsibilities." *Crady v. Liberty Nat'l Bank & Trust Co. of Indiana*, 993 F.2d 132, 136 (7th Cir. 1993).

Mr. Stevens has not accused the Defendants of materially changing the terms or conditions of his employment. Between the EEOC Charge and the Complaint, Mr. Stevens has offered only one factual allegation related to age discrimination: "On one occasion, Mr. Berry said that older drivers have to take care of their health and that it was his job to make sure it is done." (Dkt. No. 15-1 at p. 1.) Moreover, construing the documents liberally, he has articulated only two injuries: the Defendants shared his medical records without his consent (*id.* at p. 1), and he ended up being approved for a one-year renewal instead of a two-year renewal (*id.*; Dkt. No. 15-2 at p. 7). Even if Mr. Berry's statement proves that the Defendants harbored ill will toward Mr. Stevens because of his age, Mr. Stevens has not claimed that the Defendants acted on that ill will by adversely changing the terms or conditions of his employment. Therefore, he may not proceed in his ADEA claims.

   **3. The Defendants have not challenged Mr. Stevens's HIPAA and Privacy Act claims.**

Mr. Stevens accuses the Defendants of violating HIPAA and the Privacy Act by sending and receiving his medical records by fax without his consent. (Dkt. No. 1 at p. 2.) But the Defendants have not addressed Mr. Stevens's HIPAA or Privacy Act claims in their brief. Indeed, aside from their untimely service argument, the Defendants have specifically tied their

challenges to Title VII, the ADA, and the ADEA. (*See* Dkt. No. 15.) Therefore, the Court reserves any analysis of Mr. Stevens's HIPAA and Privacy Act claims for a later proceeding.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** the Defendants' Motion to Dismiss (Dkt. No. 14). The Court **GRANTS** the Motion to the extent it would dismiss Mr. Stevens's claims under Title VII, the ADA, and the ADEA. However, the Seventh Circuit has counseled that—except in unusual circumstance—courts should allow plaintiffs a second opportunity to articulate the factual bases for their claims. *See Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004). Therefore, the Court dismisses the Title VII, the ADA, and the ADEA claims **without prejudice**. The Court **GRANTS** Mr. Stevens until July 11, 2014, to amend his Complaint to include allegations that, if true, would entitle him to relief under Title VII, the ADA, or the ADEA. If Mr. Stevens fails to file an amended complaint by July 11, 2014, the Court will dismiss these claims **with prejudice**, and he will not be able to refile them.

The Court **DENIES** the Defendants' Motion to the extent it would dismiss Mr. Stevens's HIPAA and Privacy Act claims and these claims may proceed.

**SO ORDERED**.

Date: 06/27/2014

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Shawn Stevens
400 Richardson Avenue, Apt. #9
Henderson, Kentucky  42420

Mary Lee Schiff
ZIEMER STAYMAN WEITZEL & SHOULDERS
lschiff@zsws.com

William Michael Schiff
ZIEMER STAYMAN WEITZEL & SHOULDERS
mschiff@zsws.com